IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARY B. WOODARD, et al., | ) |
| Plaintiff, | ) |
| v. | ) No. 25-03264-CV-S-DPR |
| OAKWOOD PROPERTIES, | ) |
| Defendant. | ) |

**ORDER**

    Before the Court is Plaintiffs' Application for Leave to File Action Without Payment of Fees. (Doc. 1.) Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Pursuant to Section 1915(e), a motion to proceed without paying the filing fee should be denied – and the case should be dismissed – if the action is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[1] In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A pro se complaint is construed "liberally, but the complaint must still allege sufficient facts to support the claims advanced." *Sandknop v. Missouri Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019).

    In this matter, Plaintiffs name Oakwood Properties as Defendant. Plaintiffs' proposed complaint asserts that this Court has federal question jurisdiction and identifies the "Federal

---

[1] A person seeking leave to proceed *in forma pauperis* must also establish an inability to pay the fees without giving up the basic necessities of life, which Plaintiffs have done.

Housing Act" as the statute at issue in this case. (Doc. 1-1 at 3.) In support of their claim, Plaintiffs allege that they were unlawfully evicted, and as a result they became homeless and lost their child. (Doc. 1-1 at 4.) Specifically, Plaintiffs state, "The park manager Carol Faria and her husband Russell Faria and Oakwood Properties allowed them to harass us and Carol got neighbors involved[.]" *Id.*

The Court construes Plaintiffs' reference to the "Federal Housing Act" as an attempt to invoke the Fair Housing Act. The Fair Housing Act makes it unlawful to discriminate in the sale, rental, or financing of housing based on race, color, religion, sex, disability, familial status, or national origin. 42 U.S.C. §§ 3604-3606. It also makes it unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of […] any right granted or protected by [the Fair Housing Act]." 42 U.S.C. § 3617. "The elements of a prima facie case of discrimination vary from case to case, depending on the allegations and circumstances." *Fair Hous. of the Dakotas, Inc. v. Goldmark Prop. Mgmt., Inc.*, 778 F. Supp. 2d 1028, 1037 (D.N.D. 2011) (citing *United States v. Badgett*, 976 F.2d 1176, 1178 (8th Cir. 1992)).

It is unclear which provision of the Fair Housing Act Plaintiffs seek to invoke. Even liberally construing the complaint, the factual allegations do not state a plausible claim under any provision of the Act. The complaint does not allege that Plaintiffs are members of a protected class, that they were treated differently because of a protected characteristic, or that they were engaged in conduct protected by the Act.

Although Plaintiffs allege that they were unlawfully evicted and harassed by the property manager and her husband, they do not allege that this eviction and harassment was connected in any way to their race, color, religion, sex, disability, familial status, or national origin, as required to state a claim under 42 U.S.C. § 3604. Nor do they allege that the alleged conduct was in

2

retaliation for or interference with their exercise of rights protected by the Act, as required to state a claim under 42 U.S.C. § 3617. For these reasons, Plaintiffs' proposed complaint lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

Based on the foregoing, the Clerk's Office is directed to randomly reassign this action to an Article III District Judge to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.[2]  The Clerk's Office shall also send a copy of this Order to Plaintiffs via regular mail.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: October 27, 2025

---

[2] The undersigned lacks the authority to dismiss this matter, as all parties have not yet consented to magistrate judge jurisdiction as required by 28 U.S.C. § 636(c)(2).